JONES *v.* STATE.

(Division B. March 5, 1934. Suggestion of Error Overruled March 19, 1934.)

[152 So. 879. No. 31107.]

**D. W. Draughn**, of Hattiesburg, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was convicted for the murder of one Carrie Magee and sentenced to life imprisonment, from which this appeal is prosecuted.

It is contended that the evidence is insufficient to support a conviction for murder.

The record shows that the appellant, Eddie Jones, went to the home of the deceased, who lived with her mother, displayed a pistol, and the mother remonstrated with him and ordered him out of the house because there were four little children there and she was afraid some of them might be shot. According to her testimony, the appellant said somebody might be shot before daylight, and that he went on to the gallery or porch where the deceased and her fiance were talking; and according to Emmett Lyle, the girl's fiance, the appellant shot her, and she died the following morning. The witness, Emmett Lyle, stated that he had been to the country club caddying, and came by the deceased's house, as was his custom, went in the front door, picked up the baby and went on down Scooba street. He said he came back and called her to get her baby, and she said, "You forgot your shirt," which he had left there to be washed; that he went in and she went in on the gallery where Eddie Jones was standing, and witness followed her, and found Eddie Jones holding her, having pulled out his pistol.

Witness stated that he said " 'Eddie, is that gun loaded.' and he said 'No, it ain't loaded . . . take it boy,' and I said 'yes it is, and I just pushed it back,' " saying he did not want it. He further stated that "Eddie had my hand like this (indicating) . . . and by that time he fired and she said 'I'm shot' . . . and walked over to me and put her head on my shoulder, and I went and got Rev. Shoemake and we went and put her in the car and carried her to Laurel and I stayed with her in the hospital until she died."

Another witness met the appellant, Eddie Jones, about ten minutes after the shooting, and he had his pistol in his hand, and when witness told him he had better put it up, appellant said, "I don't give a ——— if I kill all of the sons of bitches."

Both the appellant, Jones, and Emmett Lyle, were arrested, but Lyle was afterwards discharged.

Eddie Jones testified that Emmett Lyle took the pistol when he asked him to; that he (Jones) did not know it was loaded, and that Lyle snatched the pistol and it fired.

Another witness was introduced in rebuttal, and stated that he was not looking at the instant of the shot, but a moment before he saw the appellant, Jones, with the pistol in his hand pointing towards the girl.

While we would be better satisfied had the conviction been for manslaughter, we are not able to say that, taking all the evidence together, it was insufficient to sustain a charge for murder. Section 985, clause b, Code 1930, provides that the killing of a human being, without authority of law, shall be murder in the following cases: "(b) When done in the commission of an act imminently dangerous to others, and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual."

The state of mind of the appellant, as testified to by witnesses on the premises after the killing, was such as

to evidence a depraved heart, reckless of consequences.

It will be noted that the mother of the deceased stated that the pistol was loaded, and that Eddie Jones was handling it in a careless and reckless manner; and the testimony of Emmett Lyle shows that, while the appellant said the pistol was not loaded, in fact it was loaded.

The evidence showed, and the jury manifestly believed it, that Eddie Jones, appellant, was indifferent as to the consequences of his acts, and disregardful of the safety of others, and did not care what the consequences were.

The judgment, therefore, will be affirmed.

Affirmed.